UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HELEN WALDEN - DOPPKE )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>JORDAN'S FURNITURE, INC. )<br>  Defendants ) | CIVIL ACTION NO.: 1:20-cv-00360 |

### DEFENDANT JORDAN'S FURNITURE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Jordan's Furniture, Inc. (hereinafter "Jordan's") makes this its answer and jury demand to the Complaint filed by Plaintiff Helen Walden-Doppke (hereinafter "the Plaintiff"). Unless specifically answered herein, all allegations of the Complaint are denied.

### COMPLAINT

### PARTIES AND FACTS

1. Jordan's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and calls upon the Plaintiff to prove the same.

2. Admitted.

3. Jordan's neither admits nor denies the allegations contained in this paragraph as such contain legal conclusions.

4. Jordan's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

### COUNT I – NEGLIGENCE

5. Jordan's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

6. Jordan's neither admits nor denies the allegations contained in this paragraph as such contain legal conclusions. To the extent this paragraph requires an answer, Jordan's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

7. Jordan's neither admits nor denies the allegations contained in this paragraph as such contain legal conclusions. To the extent this paragraph requires an answer, Jordan's is

    without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

8. Jordan's neither admits nor denies the allegations contained in this paragraph as such contain legal conclusions. To the extent this paragraph requires an answer, Jordan's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

9. Denied.

10. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And by further answering, Jordan's says that the Plaintiff's injuries were caused by or resulting from her own negligence, and therefore, the Plaintiff's claim is barred.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Jordan's says that even if the Plaintiff proves that Jordan's was negligent as alleged, the Plaintiff was negligent to a greater degree than Jordan's and is barred from recovery.

### THIRD AFFIRMATIVE DEFENSE

Jordan's states that the plaintiff's recovery, if any, must be diminished in accordance with the Comparative Negligence Statute, G.L. 1956 § 9-20-4, by the proportion of negligence which is attributable to the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Jordan's states that any alleged defective condition on the premises was open and obvious to a person of average intelligence.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, Jordan's says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendant was thereby prejudiced, wherefore, the Plaintiff is barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, Jordan's says that the Plaintiff has failed to take reasonable and prudent measures necessary and proper to mitigate whatever damages he might have sustained as a result of the acts or omissions complained of in the Plaintiff's complaint.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, Jordan's says that the acts complained of were not committed by a person for whose conduct Jordan's was legally responsible.

## JURY DEMAND

Jordan's hereby demands a jury trial on all claims so triable.

Respectfully Submitted,
Defendant,
Jordan's Furniture, Inc.
By their Attorneys,

*/s/ Mario D. Nimock*
Andrew R. Ferguson (8403)
Mario D. Nimock, BBO (9610)
Coughlin Betke, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
aferguson@coughlinbetke.com
mnimock@coughlinbetke.com

## CERTIFICATE OF SERVICE

I, Mario D. Nimock, hereby certify that on this 2nd day of September, 2020, I filed a copy of the above document via the ECF System.

*/s/ Mario D. Nimock*
Mario D. Nimock, Esq.